UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: 3/28/2025 Court order regarding ICE Agent Brian Sullivan and ICE Agent Steve Wells to appear for hearing Defendant's Motion To Dismiss with Prejudice and Request for Sanctions, as well as any ICE Agents involved in the arrest of the defendant on March 27, 2025 for Evidentiary Hearing<br><br>RE: Docket No. 2001AC000480<br>*Commonwealth v. Wilson Martell-Lebron*<br>Boston Municipal Court, Central Division | Civil Action No. 25-cv-10737 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1442(a), the United States of America respectfully files this Notice of Removal from the Boston Municipal Court, Central Division to the United States District Court for the District of Massachusetts. In support of this Notice of Removal, the United States states as follows.

I.   **BACKGROUND**

1.   Defendant Wilson Martell-Lebron ("Defendant") was arraigned on January 23, 2020 in the Boston Municipal Court, Central Division. The case, captioned *Commonwealth of Massachusetts v. Wilson Martell-Lebron*, No. 2001AC000480, in the Commonwealth charged two felony counts for falsifying Motor Vehicle and Registry of Motor Vehicle documents. Mass. Gen. Laws ch. 90, § 24B. On March 27, 2025, the Defendants trial commenced before the Honorable Mark H. Summerville. A true and correct copy of the Docket Sheet is attached hereto as **Exhibit A**.

2.   On March 27, 2025, Department of Homeland Security, U.S. Immigration and Customs Enforcement ("ICE") agents arrested and detained the Defendant. Exhibit A.

4.   On March 28, 2025, the Hon. Mark H. Summerville ordered ICE Agents Brian Sullivan and Steve Wells to appear for an evidentiary hearing on March 31, 2025. Exhibit A at

3/28/2025 Court Order regarding ICE Agent Brian Sullivan and ICE Agent Steve Wells to appear for hearing Defendant's Motion To Dismiss with Prejudice and Request for Sanctions, as well as any ICE Agents involved in the arrest of the defendant on March 27, 2025 for Evidentiary Hearing.

## II.     GROUNDS FOR REMOVAL

5.      This action is removable pursuant to the federal officers or agencies removal statute, which authorizes "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof," to remove a state order to testify without *Touhy* authorization "that is commenced in a State court and that is against or directed to" that officer or agency.  28 U.S.C. § 1442(a)(1).[1]

6.      Brian Sullivan is a federal officer of the Department of Homeland Security, ICE.

7.      Steve Wells is a federal officer of the Department of Homeland Security, ICE.

8.      Testimony of ICE agents is governed by the Department of Homeland Security's *Touhy* regulations, 6 C.F.R. §§ 5.41-5.45. A demand for testimony by ICE agents should be addressed to the Office of General Counsel for the Department of Homeland Security, with a copy to the United States Attorney.  6 C.F.R. § 5.43. "No employee…of the [Department of Homeland Security] shall, in response to a demand or request, including in connection with any litigation, provide oral or written testimony by deposition, declaration, or otherwise concerning any information acquired while such person is or was an employee of the [Department of Homeland Security] as part of the performance of that person's official duties or by virtue of that person's official status, unless authorized to do so by the Office of the General Counsel . . . ."  6 C.F.R. §

---

[1] The Federal Courts Improvement Act of 1996, 110 Stat. 3850, amended 28 U.S.C. § 1442 "to explicitly permit removal by the United States or by a federal agency itself, in addition to removal by an officer of an agency." 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3726 (Rev. 4th ed. 2021).

5.44(a). Department of Homeland Security employees may only "testify concerning those matters which were specified in writing and properly approved by" the appropriate Department of Homeland Security official. 6 C.F.R. § 5.45(a).

9. Although a federal officer "must both raise a colorable federal defense and establish that the suit is for," or relates to, "an act under color of office" to qualify for removal, *Jefferson Cty., Ala. v. Acker*, 527 U.S. 423, 431 (1999) (citations and alterations omitted), a federal agency need not make those showings. *City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 389 (6th Cir. 2007) ("any federal agency sued can always remove under § 1442(a)(1) because the 'sued' clause in that provision applies only to federal officers").

### III. COMPLIANCE WITH REMOVAL PROCEDURE

10. The United States District Court for the District of Massachusetts embraces the location where the state court action is pending: the Boston Municipal Court. 28 U.S.C. § 1442(a).

11. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a).

12. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders allegedly served upon the Defendants with respect to this action are attached hereto. Exhibit A at 3/28/2025 Court Order regarding ICE Agent Brian Sullivan and ICE Agent Steve Wells to appear for hearing Defendant's Motion To Dismiss with Prejudice and Request for Sanctions, as well as any ICE Agents involved in the arrest of the defendant on March 27, 2025 for Evidentiary Hearing.

13. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Boston Municipal Court and written notice of the filing of this Notice of Removal will be given to all parties.

14. Pursuant to Local Rule 81.1(a), the United States will file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court within 28 days after filing this Notice for Removal.

WHEREFORE, the Defendants hereby remove the action now pending in the Boston Municipal Court to this Court and request that this Court accept this Notice of Removal for filing in accordance with the provisions of 28 U.S.C. §§ 1442(a).

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: March 31, 2025

By: /s/ *Steven Sharobem*
STEVEN SHAROBEM
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3355
steven.sharobem@usdoj.gov

### LOCAL RULE 7.1 CERTIFICATION

I, Steven Sharobem, Assistant United Sates Attorney, hereby certify that pursuant to L.R. 7.1(a)(2), I have not conferred with the Plaintiff in advance of filing this Motion because we are removing a state court order.

By: /s/ *Steven Sharobem*
STEVEN SHAROBEM
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3355
steven.sharobem@usdoj.gov

## CERTIFICATE OF SERVICE

      I, Steven Sharobem, Assistant United Sates Attorney hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants via email or First Class Mail:

| *Counsel for the Commonwealth of Massachusetts* | *Counsel for Wilson Martell-LeBron* |
|---|---|
| Maria Romero | Murat Erkan |
| Assistant District Attorneys | Ryan Sullivan |
| Suffolk County District Attorney's Office | Erkan and Sullivan, P.C. |
| One Bulfinch Place | 300 High Street |
| Boston, MA 02114 | Andover, MA 01810 |

      By:    /s/ *Steven Sharobem*
                  STEVEN SHAROBEM
                  Assistant United States Attorney